O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VAL JEAN BUREAU, et al., | ) | NO. SACV 14-304-JGB (MAN) |
| Plaintiffs, | ) ) | ORDER DISMISSING ACTION |
| v. | ) ) | |
| THE CITY OF DANA POINT, et al., | ) ) | |
| Defendants. | ) ) | |

On February 28, 2014, plaintiffs Val Jean Bureau and Marianne Stahl filed a civil rights complaint, which names the City of Dana Point and 19 individuals as defendants ("Complaint").  Although the nature of the claim(s) plaintiffs alleges is unclear, plaintiffs appear to:  complain about a receivership action brought by defendant City of Dana Point against plaintiff Stahl in the Orange County Superior Court (the "State Case"); contend that the state court's actions in that case have exceeded its jurisdiction; and contend that February 29, 2012 actions taken by Dana Point code enforcement and building department personnel at plaintiff Stahl's home, including the arrest of Stahl, constituted an improper search and seizure in violation of the Fourth Amendment.

On March 4, 2014, United States Magistrate Judge Margaret A. Nagle issued an Order ("March 4 Order") which, *inter alia*, reminded plaintiffs that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"), they had 120 days from the filing date of the Complaint in which to effect service of process on defendants. The March 4 Order cautioned plaintiffs that, if service of process was not completed within that 120 days, this action could be dismissed.

The Rule 4(m) deadline -- June 28, 2014 -- passed without any further action by plaintiffs in this case. On July 1, 2014, plaintiffs filed a "Verified Joint Request To Extend Time For Service Of Summons & Complaint" ("Request"). In the Request, plaintiffs stated that they did not have the summons in this action issued, nor did they make any effort to effect service of process, because they "contemplated substantial amendment" to the Complaint and "needed to wait for matters beyond their control to transpire." Plaintiffs alluded generally to the pending State Case, but they failed to identify *any* event that would justify 120 days of inaction in this case. Moreover, plaintiff Bureau admitted, both in the Complaint and in the Request, that he is not a party to the State Case. He vaguely alluded to having been hospitalized for 30 days since the Complaint was filed, but he failed to explain how this justified plaintiffs' failure to prosecute this case.[1]

On July 14, 2014, Magistrate Judge Nagle issued an Order in response to the Request ("July 14 Order"). The July 14 Order discussed

---

[1] Given the apparent nature of this case, it is unclear why Bureau is a party at all or how he has standing as a plaintiff. The Complaint does not plead any valid cause of action on *his* behalf against the defendants.

the above-noted matters and events and the standards that govern extending Rule 4(m) deadlines. She concluded that the Request failed to establish the required good cause for extending the Rule 4(m) deadline in this case, based on her findings that: the Request asked for an extension of the Rule 4(m) period *not* for the purpose of affording plaintiffs an additional chance to serve the defendants with process but, rather, to allow plaintiffs to prepare a motion for injunctive relief, which apparently would be directed to the judge(s) involved in the State Case; such a motion plainly would be frivolous and futile[2]; and such a motion could not constitute a basis for ordering an extension of the Rule 4(m) period for service of process. Nonetheless, Magistrate Judge Nagle allowed plaintiffs a final chance to establish good cause for extending the Rule 4(m) deadline in this case, ordering that:

> If plaintiffs wish to pursue this action, then **by no later than August 4, 2014**, they must file a response to this Order that sets forth a showing of good cause adequately supported by competent evidence.
>
> **Plaintiffs are cautioned that the failure to timely respond to this Order, and to establish the requisite good cause, will result in a recommendation that this action be dismissed, without prejudice, pursuant to Rule 4(m) and/or Fed. R. Civ. P. 41(b).**

---

[2] As Magistrate Judge Nagle observed: no defendant has been served with process, and thus, there is no person or entity over whom this Court has jurisdiction and, thus, the authority to enjoin; and any such motion would fail on its merits for a number of reasons, including based upon the *Younger* doctrine. (July 14 Order at 2 n.2.)

(July 14 Order at 3.)

The deadline established by the July 14 Order has passed, and plaintiffs have neither filed the ordered response nor otherwise communicated with the Court. Thus, it appears that plaintiffs no longer wish to pursue this action.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m); *see also* Muhammed v. Department of Treasury, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998). The burden of establishing good cause is on the plaintiff. *Id.*, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992).

By the March 4 Order, plaintiffs were clearly advised of their obligation to effect service of process within the Rule 4(m) deadline *and* in compliance with Rule 4's requirements. Moreover, by that same Order, plaintiffs were expressly notified that dismissal of this action could occur if they failed to complete service of process within the Rule 4(m) deadline. The subsequent July 14 Order confirmed this advice and, further, explicitly advised plaintiffs that, if they wanted this action to continue, they were required to establish, in their response

to the July 14 Order, good cause for their failure to effect service of process within the Rule 4(m) deadline. Despite this repeated advice, plaintiffs have not provided *any* indication that they intend to move this case forward by either promptly having the defendants served with the Complaint and/or by amending their Complaint and then promptly proceeding with service of process.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); *see also* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action). Given the explicit and repeated advice provided to plaintiffs, there is no cause, much less good cause, for their failure to prosecute this action by serving, or at least attempting to serve, the defendants with the Complaint.[3] *See* Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented from effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).

---

[3] While plaintiffs are proceeding on a *pro se* basis, they are not incarcerated. Moreover, prior cases brought by plaintiffs in this district have been dismissed, pursuant to Rules 41(b) and 4(m) of the Federal Rules of Civil Procedure, for lack of prosecution and failure to effect service of process. Accordingly, their inaction in this case is particularly inexplicable and inexcusable. *See* Case Nos. SACV 11-00260-RGK (MAN) and SACV 12-01061-JGB (MAN).

1    Under the circumstances of record, there is no factual or legal
2 basis for extending the expired Rule 4(m) period.  Thus, under Rule
3 4(m), dismissal of this action, without prejudice, is warranted.

5    Accordingly, IT IS ORDERED that Judgment be entered dismissing this
6 action, without prejudice, for failure to effect service of process in
7 compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

9 DATED: August 29, 2014.

                                    _____
                                         JESUS G. BERNAL
                                    UNITED STATES DISTRICT JUDGE

13 PRESENTED BY:

   _____
       MARGARET A. NAGLE
   UNITED STATES MAGISTRATE JUDGE